## The Bristol.

*(District Court, E. D. New York. March 1, 1881.)*

1. Exceptions to Libel—Bill of Lading—Damage by Rust.

Where a bill of lading under which tin plates were shipped contained an exception of liability for damages by rust, and an action was brought to recover damages for non-delivery in good order, in that the tin, when delivered, was damaged by sea-water, *held*, that there being no averment that the rust was caused by negligence on the part of the carrier, and rust being the necessary damage to such merchandise from sea-water, and excepted by the bill of lading, the libel shows no cause of action.

In Admiralty. Exception to Libel.

*Sidney Chubb,* for libellant.

*Foster & Thomson,* for respondent.

Benedict, D. J. The exception to the libel is well taken. The libel sets forth a bill of lading, containing, among other things, an exception of liability for rust. It avers a shipment under the bill of lading of certain tin plates in good order, and a failure to deliver the plates in like good order, in this, that the tin when delivered was damaged by sea-water. This is equivalent to saying that the tin when delivered was damaged by rust,—rust being the necessary if not the only damage capable of being produced in merchandise of this description by contact with sea-water. Damage by rust having been excepted by the terms of the bill of lading, the libellant, in order to recover, must aver and prove that the rust upon the tin was caused by negligence on the part of the carrier. This libel contains nothing to show that the rust was caused by negligence on the part of the carrier, and it fails, therefore, to set forth a cause of action.

The exception is allowed, with leave to the libellant to amend, on payment of costs.